IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

BRIAN JAMES HOOPER,
    Plaintiff,

vs.                                      Case No. 3:10cv539/MCR/MD

RICHARD A. BEARGIE,
    Defendant.

---

**ORDER**

This case is before the court upon plaintiff's civil complaint. Upon review of the complaint, the court has concerns about subject matter jurisdiction. Plaintiff will therefore be required to file an amended complaint or risk dismissal of this action.

A federal court is obliged to dismiss a case whenever it appears the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 975 (11th Cir. 2005); *University of South Alabama v. American Tobacco Co.* 168 F.3d 405, 410 (11th Cir. 1999) (once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue); *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). A court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings, and in fact, a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking. *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 975 (11th Cir. 2005) (quoting *Univ. of S. Ala.*, 168 F.3d at 410). The burden is on the party asserting jurisdiction to demonstrate that jurisdiction does, in fact, exist. *Lovern*, 190 F.3d at 654 (citing *Thomas v. Gaskill*, 315 U.S. 442, 446, 62 S.Ct. 673, 86 L.Ed.951 (1942); *Goldsmith v. Mayor & City Council of Baltimore*, 845 F.2d 61, 64 (4th Cir. 1988)). Although plaintiff has included the first and

second page of a civil complaint for use by pro se litigants in actions under 28 U.S.C. § 1331 or § 1346 or 42 U.S.C. § 1983, the remainder of the document is a separate civil complaint in which he asserts 28 U.S.C. § 1332 as the basis for the court's jurisdiction over this action. Title 28 U.S.C. § 1332 governs diversity jurisdiction. It provides in part that the district courts shall have original jurisdiction over civil actions where the matter in controversy exceeds $75,000 and the parties are citizens of different states. The statute requires "complete diversity," that is "no defendant in a diversity action [may] be a citizen of the same state as any plaintiff." *MacGinnitie v. Hobbs Group, LLC,* 420 F.3d 1234, 1239 (11th Cir. 2005). The plaintiff's description of the parties clearly reveals that both the plaintiff and at least three of the defendants are residents, and presumably citizens, of the state of Florida. Thus, complete diversity is lacking, and as presented, plaintiff's complaint is subject to dismissal.

Because plaintiff is proceeding pro se, the court will afford the plaintiff an opportunity to amend his complaint in the event that he can state a proper basis for federal jurisdiction or wishes to omit the non-diverse defendants. Plaintiff is advised, however, that the federal criminal code provides no private right of action and no basis for jurisdiction in this case. If he believes any defendants have violated federal law, that should be discussed with appropriate authorities.

Accordingly, it is ORDERED:

Plaintiff shall have 28 days from the date of this order in which to file an amended complaint which states a valid basis for federal jurisdiction, if he can. In the alternative, he should file a motion to voluntarily dismiss this action. In any event, failure to present a complaint stating a valid basis for subject matter jurisdiction will be grounds for dismissal of this case.

At Pensacola, Florida, this 22nd day of December, 2010.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE